### TAYLOR and others *v.* ROBERTSON and others.[1]

*(Circuit Court, N. D. Illinois. May 24, 1886.)*

1. EQUITY—PRACTICE—MASTER'S REPORT—EXCEPTION.
   Report of master upon question not referred to him by court is erroneous, and subject to exception by party aggrieved.

2. SAME—ERRORS—RESTATEMENT OF ACCOUNT.
   Small errors in master's statement of an account held not ground for requiring him to restate account, even in case in which exceptions to his report were sustained on other grounds.

BLODGETT, J. On a former hearing of this case[2] the question of the complainants' right to redeem the premises in controversy was fully considered, and such right to redeem sustained, and a reference made to one of the masters of the court to state the account between the parties. By the master's report, filed on July 15, 1885, it is found that there was due to the widow, heirs, and representatives of David R. Green, on June 12, 1885, the sum of $45,641.66 as the amount required to be paid to redeem the property in question from the lien thereon held by the estate of said David R. Green. By a recent order of the court, the master has brought the statement of account to the first day of April, 1886, showing the amount then due the estate of Green to be $45,342.86. Both complainants and defendants have filed exceptions to the master's report, which have been argued by counsel, and duly considered.

The first exception of the complainant is to the finding of the master that the allegations of fraud in the bill are not sustained by the proof. This exception is, I think, well taken, because the finding is upon a matter not referred to the master to consider or report upon. The only reference to the master was to take and consider proofs upon the question of the amount to be paid by complainant to redeem the premises in question from the lien of the Green estate; all questions as to fraudulent conduct of the defendants, or any of them, having been considered and passed upon at a former hear-

[1] Reported by Russell H. Curtis, Esq., of the Chicago bar.
[2] 21 Fed. Rep. 209.

ing, and before the reference now in question. The report will therefore be referred back to the master, with directions to strike out from it the clause stating that he finds the principal allegations in the bill sustained by the proof, except the allegation of fraud against the defendants.

All the other exceptions of the complainant refer to the allowance of items of credit to the defendants, the widow, heirs, and trustees of David R. Green. Some of these minor items, such as the charge of $68.41 for taking possession of the premises in question, and $163.45 for the costs and expenses of a trustee's sale, are, I think, improperly included in the credits given the defendants, but the amount is too small to justify or require a restatement of the account for the purpose of eliminating these items. In all other particulars the master has, I think, adopted what seems to me to be a just and equitable rule of allowance of compensation towards the defendants, and the complainant's exceptions to the master's report are therefore overruled, saving only the first.

The exceptions filed by the defendants go only to the equities of the case, and after a careful review of the conclusions which I announced upon a former hearing, and notwithstanding a due consideration of the able and carefully prepared arguments presented on the hearing of the exceptions, I still feel compelled to adhere to the decree heretofore entered in the case.

At the late hearing, both complainants and defendants were allowed to amend their pleadings, but these amendments introduce no features in the case which have not been considered on the former hearing, and were allowed for the purpose of more sharply and clearly defining on the record the lines of attack and defense.

The exceptions of the complainants and defendants are overruled, and a decree will be entered allowing the complainants to redeem, by paying the widow and heirs of David R. Green, deceased, or to Messrs. Paddock & Aldis, their solicitors, the sum of $45,342.86, with interest thereon at the rate of 6 per cent. per annum from the first day of April last, within 90 days from the entry of the decree; and also decreeing that upon the payment of such sum, or, in case said defendants, or their solicitors, shall refuse to receive the same, on the payment of the same into court, the defendants, widow, heirs, and trustees of David R. Green, shall convey to complainants all and each of their respective rights, title, and interest in and to the property in controversy in this case.